IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Complainant, | * |
| vs. | * CASE NUMBER 2:07cr282-WKW |
| LUIS SOLANO, ET AL. | * |
| (PATRICK WAYNE DISMUKES), | * |
| Defendants. | * |

**MOTION TO SUPPRESS EVIDENCE**
**(Defendant Patrick Wayne Dismukes)**

COMES NOW, Patrick Wayne Dismukes, through his counsel of record, and moves to suppress evidence seized by the Millbrook, Alabama Police Department in his case.

**FACTS**

On April 22, 2006, police officers from the Millbrook Police Department encountered a gentleman named Brandon Mitchell Williams walking down Main Street in Millbrook, Alabama. Mr. Williams stated that his car had run out of gas down the road and he was going to his home at 2281 Main Street to retrieve some gas and take it back to the car. An officer went to the place where the car was stranded and, upon noticing the vehicle, "ran" the vehicle tag. The police report states that "Dispatch advised the officer that the vehicle and tag were stolen." Officers then with guns drawn approached the vehicle and told Mr. Dismukes who was sitting in the passenger side of the vehicle to get out. Mr. Dismukes was dragged from the car and his person

1

was searched. The police officers found two pocket knives, a glass pipe (which appeared to be used for smoking drugs) and two hundred and eighty dollars in cash on his person. The officers then arrested Mr. Dismukes for possession of drug paraphernalia. The officers then went back into the car and searched the car discovering clear plastic bags containing suspected methamphetamine and marijuana and a small digital scale in a toolbox that was located on the passenger side floor area where Mr. Dismukes had been sitting. At no time did the officers have a warrant to arrest Mr. Dismukes or to search the vehicle. Mr. Dismukes was out of the car and in the control of the officers when this search of his person and the vehicle took place.

## DISCUSSION

The Fourth Amendment says that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Constitution, Amendment IV. The search of his person was without a warrant, without probable case, and exceeded the scope of a *Terry* "pat-down". That Mr. Dismukes was a passenger in an automobile that reportedly had been stolen does not necessarily mean that he was a part of the theft or was involved in criminal misconduct such that the officers could arrest him in the fashion that they did. This is especially so when the police had encountered the alleged owner of the vehicle earlier in the evening and were given the address of the owner.

If he has standing to contest the search of the vehicle, Mr. Dismukes does so. The police searched the vehicle without a warrant at a place apart from where Mr. Dismukes was being held by the officers.

## CONCLUSION

Millbrook Police Officers violated the Fourth Amendment of the United States

Constitution by arresting Mr. Dismukes without probable cause and by searching his person without legal authority. The police search of the vehicle was also a violation of the law.

Dated this 19th day of March, 2007.

    Respectfully submitted,

    **s/Everett M. Urech**
    **EVERETT M. URECH**
    **AL BAR NO.: ASB-6693-E44E**
    Attorney for Defendant
    Urech & Livaudais, P.C.
    P.O. Drawer 70
    510 N. Daleville Ave
    Daleville, AL 36322
    TEL: (334) 598-4455
    FAX: (334) 598-2076
    E-Mail: daleattyeu@graceba.net

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Clark Morris, Assistant United States Attorney, Criminal Division, Office of the United States Attorney, 131 Clayton Street, Montgomery, Alabama 36101-0197.

    **s/Everett M. Urech**
    **EVERETT M. URECH**