IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:07-cr-282-WKW |
| | ) | |
| PATRICK WAYNE DISMUKES | ) | |

### RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files its response to the Motion to Suppress filed by Defendant Patrick Wayne Dismukes, as follows:

**I.    FACTS**

On April 22, 2006, Millbrook, Alabama Police Officer S. Tippins and Officer B. Mumpower were patrolling in the area of Main Street and Lakeview Road in Millbrook, Alabama.  The officers observed Brandon Williams walking on the side of the road. The officers approached Williams, who advised the officers that he and a friend were out of gas just down the road.  The officers gave Williams a ride to his house where he was going to retrieve gasoline for the stalled vehicle.  Officers then proceeded to River Park Way and Highway 143 in Millbrook, Alabama to make sure the stalled vehicle was not causing a traffic problem.  When the officers arrived at the scene, they ran the license plate on the stalled vehicle.  The dispatcher soon advised the officers that the vehicle was stolen.  Officers identified the passenger of the vehicle as Patrick Dismukes and asked Dismukes if he had any weapons.  Dismukes responded that he had a few pocket knives.  The officers frisked Dismukes for weapons and found two pocket

knives, a glass pipe used for smoking drugs and two hundred eight dollars in cash. The officers subsequently arrested Dismukes for possession of drug paraphernalia and searched the vehicle. Inside the vehicle, officers located a toolbox on the passenger side floorboard where Dismukes was sitting. Inside the toolbox, officers located two plastic bags that contained a crystal-like substance believed to be methamphetamine. In addition, officers located a green leafy substance, believed to be marijuana, and a set of digital scales. The methamphetamine seized from Dismukes was subsequently submitted to the DEA laboratory in Dallas, Texas for analysis. The laboratory results indicate that the substance was 51.7 grams of methamphetamine.

**II.    ARGUMENT**

    A.    DISMUKES HAS NO STANDING TO CONTEST THE SEARCH OF THE STOLEN VEHICLE

Dismukes has no standing to contest the search of the vehicle because he had no legitimate expectation of privacy in the vehicle. Dismukes even states in his motion to suppress that, "If he has standing to contest the search of the vehicle, Mr. Dismukes does so." The defendant bears the burden of proving a legitimate expectation of privacy in the areas searched. Rawlings v. Kentucky, 448 U.S. 98 (1980); United States v. Cooper, 133 F.3d 1394 (11th Cir. 1998). Fourth Amendment rights, are personal, and only individuals who actually enjoy the reasonable expectation of privacy have standing to challenge the validity of a government search. United States v. Cooper, 203 F.3d 1279, 1284 (11th Cir. 2000); citing Rakas v. Illinois, 439 U.S. 128, 133-134 (1978). The court's initial inquiry should focus on whether the defendant established in his motion to suppress that he possessed a reasonable expectation of

privacy. Id. Moreover, where a defendant in a motion to suppress fails to allege sufficient facts to establish standing, a court may dismiss a suppression motion without an evidentiary hearing. Id. at 1285. Dismukes addresses no facts in his motion that would establish standing. Because the defendant bears the burden to prove standing and because there are no facts alleged in the suppression motion to determine standing, this motion is due to be denied without hearing.

If the court chooses to address the issue of standing even though the defendant has failed to allege facts to establish a reasonable expectation of privacy, the government maintains that the defendant has no standing to contest the search of the stolen vehicle. Mere presence as a passenger within a vehicle alone is not sufficient to establish standing to contest a law enforcement search of the vehicle. Rakas v. Illinois, 439 U.S. 128, 148 (1978).

Moreover, because the defendant was a passenger in a stolen vehicle, he has no expectation of privacy. United States v. Garcia, 897 F.2d 1413, 1417 (7th Cir.1990)(defendant has no legitimate expectation of privacy in a stolen vehicle, and thus has no standing to contest a warrantless search of the vehicle); United States v. Hensel, 672 F.2d 578 (6th Cir.1982) (because the defendant had no legitimate expectation of privacy in the stolen truck or its contents, he had no standing to challenge the search of the truck); Rakas, 439 U.S. at 141 n. 9, 143 n. 12 (affirming that a defendant has no capacity to challenge an allegedly unlawful search of premises where the defendant's presence on those premises was unlawful and illustrating this principle with a defendant's presence in a stolen vehicle). Because Dismukes had no legitimate expectation of privacy in the vehicle, this motion is due to be denied.

    B.    THE SEARCH OF THE VEHICLE WAS PROPER.

If the court finds that the defendant has standing, the government contends that the search of the vehicle was proper as an inventory search. Defendant was inside of a stolen vehicle. Obviously, law enforcement had an obligation to seize the vehicle for return to its proper owner. In order to impound the vehicle, officers had a duty to inventory the vehicle. See South Dakota v. Opperman, 428 U.S. 364 (1977) (Inventories of seized vehicles pursuant to standard police procedures are reasonable). Upon executing the inventory search, officers found the methamphetamine, the marijuana and the digital scales. Clearly, the officers could legitimately inventory the vehicle and the Defendant's motion is without merit.

Further, the officers legally searched the vehicle incident to the Defendant's arrest. After telling officers that he had a knife, officers frisked the Defendant and found a pipe used to smoke methamphetamine. The defendant was arrested at that time for possession of drug paraphernalia. When an occupant of an automobile is the subject of a lawful arrest, the Fourth Amendment permits the arresting officers to contemporaneously conduct a warrantless search, not only of the occupant himself, but also of the passenger compartment of the automobile, as well as any closed containers found in this area of the automobile. New York v. Belton, 453 U.S. 454 (1981). Officers searched the automobile, only after Dismukes was arrested. Thus, the search was incident to his arrest and was lawful.

### III.    CONCLUSION

Based on the forgoing, the Defendant's motion to suppress is without merit and due to be denied.

Respectfully submitted, this the 23rd day of May, 2008.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/ A. Clark Morris
>A. CLARK MORRIS
>Assistant United States Attorney
>131 Clayton Street
>Montgomery, Alabama 36104
>Telephone: (334) 223-7280
>Fax: (334) 223-7135
>E-mail: clark.morris@usdoj.gov

THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:07-cr-282-WKW |
| | ) | |
| PATRICK WAYNE DISMUKES | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Everett M. Urech.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7138
E-mail: clark.morris@usdoj.gov